UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRYAN A. WARMAN,

                    Plaintiff,

               -against-

GAVIN POTTER; CHURCH OF SCIENTOLOGY
NEW YORK; GOOGLE LLC; ALPHABET, INC.;
BLUE WHALE; LIQUIDITY LLC; GLOBAL
ADMIN SERVICES,

                  Defendants.

26-CV-1196 (GBD)

ORDER OF DISMISSAL

---

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se,* invokes the court's federal question jurisdiction and alleges that Defendants violated his rights under federal law. By order dated April 9, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against (1) Gavin Potter, an individual whose affiliation is not alleged; (2) the "Church of Scientology New York"; (3) Google LLC; (4) Alphabet Inc.; (5) Blue Whale Liquidity, LLC; and (6) Global Admin. Services. (ECF 1, at 1.) The following allegations are drawn from the complaint.[1] Between 2022 and the present, Defendants engaged in "[e]lectronic [s]urveillance" and "maintain[ed] unauthorized high-gain signals to track [Plaintiff's] physical and [d]igital location without consent," violating his privacy. (*Id.* at 5.)

Defendants engaged in "[f]raudulent [i]nducement" by "utiliz[ing] administ[r]ative software to override security denials, forensic logs show the entry was gained through deceptive system-status messaging." (*Id.*)

Plaintiff further alleges, "[c]onversion of digital assets 2024-68-15 Defendants reclassified Plaintiffs private data as body thetans or unowned mass to justify the wrongful exercise of dominion and permanent deprivation of property," and "[f]inancial laundering 2025-10-10 seized digital property laundered through Blue Whale: Liquidity (NY) confirming the profit-motivated nature of the RICO enterprise." (*Id.* at 5-6.)

Plaintiff seeks $115,000,000.00 in damages, and an injunction prohibiting "further intrusions" and "restitution of all converted data held in Defendant repositories." (*Id.* at 6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

## DISCUSSION

### A.    Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that Defendants tracked his movements over a period of years using "high-gain signals" and stole his "digital assets" to convert them into "body thetans or unowned mass." (ECF 1, at 5-6.) A "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266

3

(W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"). The Court therefore dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## B.    Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to

4

amend as to certain claims in the absence of any suggestion that additional facts could remedy

defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured

with an amendment, the Court declines to grant Plaintiff leave to amend.

## C.     Warning

Plaintiff has filed four other actions IFP in this court that have been dismissed as

frivolous. *See Warman v. Google LLC*, No. 26-CV-1200 (LLS) (S.D.N.Y. May 15, 2026)

(dismissing action as frivolous); *Warman v. Alphabet Inc.*, No. 26-CV-1197 (LLS) (S.D.N.Y.

May 4, 2026) (same); *Warman v. Church of Scientology NY*, No. 26-CV-1199 (GBD) (S.D.N.Y.

Apr. 28, 2026); (same); *Warman v. Google LLC*, No. 26-CV-1195 (LLS) (S.D.N.Y. Apr. 10,

2026) (same). The Court warns Plaintiff that if he continues to file frivolous or nonmeritorious

actions in this court, the court will direct him to show cause why he should not be barred from

filing new actions IFP in this court without permission to file from the court. *See* 28 U.S.C.

§ 1651.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that if he continues to file frivolous or nonmeritorious actions

in this court, the court will direct him to show cause why he should not be barred from filing new

actions IFP in this court without permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   **MAY 1 9 2026**
New York, New York

GEORGE B. DANIELS
United States District Judge

6